UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JASON ELGIN,

                            Plaintiff,

            -against-

Police Officer JOHN MADERIK, Shield No. 15365; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Jason Elgin ("plaintiff" or "Mr. Elgin") is a resident of Queens County in the City and State of New York.

7. Defendant Police Officer John Maderik, Shield No. 15365 ("Maderik"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Maderik is sued in his individual and official capacities.

8. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11. At approximately 3:30 p.m. on April 12, 2013, Mr. Elgin was lawfully entering 103-35 97th Street in Queens, New York, when he felt one the defendant officers pulling his shoulder from behind.

12. The officer stopped Mr. Elgin in the absence of reasonable suspicion, demanded his identification and falsely accused him of trespassing.

13. Mr. Elgin provided identification and explained – truthfully – that he was the invited guest of a resident of the building.

14. Even though Mr. Elgin's explanation was immediately and easily verifiable, the officer made no effort to do so.

15. Instead, the officer, along with other unidentified defendants, handcuffed Mr. Elgin, falsely arrested him and took him to the 106th Precinct.

16. At the precinct the officers falsely informed employees of the Queens County District Attorney's Office that they had observed plaintiff trespass.

17. At no point did the officers observe plaintiff trespass. In fact, they knew he had not been trespassing.

18. After being held at the precinct for approximately ten hours, Mr. Elgin was taken to Queens Central Booking.

19. On the afternoon of April 13, 2013, Mr. Elgin was arraigned.

20. After spending approximately 24 hours in custody, Mr. Elgin was

released on his own recognizance.

21. On or about June 17, 2013, all charges against Mr. Elgin were dismissed.

22. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, lost wages, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

23. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

24. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

25. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

26. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

28.  As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

29.  Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30.  By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

31.  Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

32.  As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. The individual defendants created false evidence against plaintiff.

35. The individual defendants forwarded false evidence to prosecutors in the Queens County District Attorney's office.

36. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

37. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent

-7-

such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

40. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

41. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   August 13, 2013
         New York, New York

                                     HARVIS WRIGHT
                                     SALEEM & FETT LLP

                                     _____
                                     Baree N. Fett
                                     305 Broadway, 14th Floor
                                     New York, New York 10007
                                     (212) 323-6880
                                     bfett@hwsflegal.com

                                     *Attorneys for plaintiff*